# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Alejandro White,

   **Plaintiff,**

v.            **Case No. 11-2416-JWL**

Four B Corp. d/b/a Ball's
Food Store and d/b/a Hen House,

   **Defendant.**

## <u>MEMORANDUM AND ORDER</u>

Plaintiff filed a petition in state court against defendant alleging discrimination and retaliation pursuant to 42 U.S.C. § 1981.  Thereafter, defendant removed the case to federal court.  This matter is presently before the court on defendant's motion to dismiss or, in the alternative, to stay proceedings and compel arbitration (doc. 4) on the grounds that plaintiff signed an employment application containing a binding arbitration provision that clearly covers the dispute set forth in the petition.  As explained below, the court grants the motion to stay proceedings and directs the parties to proceed to arbitration on plaintiff's claims.[1]

The Federal Arbitration Act (FAA) "provides that contractual agreements to arbitrate disputes 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 770-71 (10th Cir. 2010) (quoting 9 U.S.C. § 2)).  The purpose of the Act is "to place an arbitration

---

[1]in its motion, defendant also moves to dismiss plaintiff's petition on statute of limitations grounds.  In light of plaintiff's response to that argument, defendant has expressly abandoned the statute of limitations argument and has withdrawn that aspect of the motion.

agreement upon the same footing as other contracts and to overturn the judiciary's longstanding refusal to enforce agreements to arbitrate." *Id.* at 771 (quoting *Glass v. Kidder Peabody & Co.*, Inc., 114 F.3d 446, 451 (4th Cir. 1997)). The FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Section 3 of the Act, 9 U.S.C. § 3, "obliges courts to stay litigation on matters that the parties have agreed to arbitrate; and Section 4, 9 U.S.C. § 4, authorizes a federal district court to compel arbitration when it would have jurisdiction over a suit on the underlying dispute." *Id.* (citing *Moses H. Cone*, 460 U.S. at 24-27 (discussing scope and operation of FAA)).

In support of its motion, defendant relies on an arbitration provision set forth in the employment application that plaintiff completed and signed. That provision states as follows:

> I agree that I will settle all claims arising out of my employment or termination of my employment with the Company, exclusively by binding arbitration under the National Rules for the Resolution of Employment Disputes of the American Arbitration Association.

Plaintiff does not dispute that his claims in this lawsuit are covered by the arbitration agreement. He contends, however, that the agreement is unenforceable because defendant Four B. Corp., the party seeking to enforce the agreement, is not named in the agreement and because the agreement is not supported by consideration, lacks mutuality, is illusory and is unconscionable. As will be explained, the court rejects each of these arguments.

**Whether Four B. Corp. May Enforce the Agreement**

Plaintiff contends that the agreement to arbitrate cannot be enforced by defendant Four B. Corp. because that party is not named anywhere in the agreement; rather, the application of employment refers only to "Hen House Market," the name of the grocery store where plaintiff worked. As will be explained, the fact that Four B. Corp. is not named in the agreement is irrelevant. By signing the employment application and submitting that application to defendant, plaintiff was making an offer to defendant, despite the fact that the offer itself was made on defendant's form application. *See* E. Allan Farnsworth, *Contracts* § 3.10 at 139-40 (2d ed. 1990) (standard form that confers on its maker the power to close the deal indicates that standard form is not the maker's offer but customer's offer for maker to accept) (citing *International Filter Co. v. Conroe Gin, Ice & Light Co.*, 277 S.W. 631 (Tex. Comm. App. 1925)). Plaintiff, of course, intended to make that offer to whatever entity or person had the power to accept the offer which, as he has identified in the caption of his petition, is Four B. Corp. Plaintiff, then, submitted an offer to Four B. Corp. and the contract or agreement was formed only when Four B. Corp. accepted that offer by hiring plaintiff. Regardless then of whether the form itself identifies only Hen House Market, plaintiff's offer was made to Four B. Corp. and Four B. Corp. accepted that offer and a contract was formed between those parties. Four B. Corp. may properly enforce the agreement.

**Whether the Arbitration Agreement is Supported by Consideration**

According to plaintiff, the arbitration agreement is unenforceable because plaintiff "received nothing" in exchange for signing the application that contained the arbitration

agreement.  As numerous courts have done, and in the absence of any authority offered by plaintiff, this court concludes that sufficient consideration supports the agreement in the employment application.  Defendant, in consideration for plaintiff's agreement to arbitrate, hired plaintiff.  *See Hadnot v. Bay, Ltd.*, 344 F.3d 474, 477 (5th Cir. 2003) (consideration was the combination of plaintiff's application for employment and employer's responding acceptance of application and offer of employment); *Ramos v. Air Liquide*, 2011 WL 1253266, at *5-6 (D.N.J. Mar. 28, 2011) (arbitration agreement contained in employment application enforceable); *Hughes v. Wet Seal Retail, Inc.*, 2010 WL 4750216, at *3 (W.D. Ark. Nov. 16, 2010) (same); *Parrish v. Valero Retail Holdings, Inc.* 727 F. Supp. 2d 1266, 1277-78 (D.N.M. 2010) (consideration for arbitration agreement in job application "was the offer of employment"); *Carman v. Wachovia Capital Markets, LLC*, 2009 WL 248680, at *2 (E.D. Mo. Feb. 2, 2009) (in exchange for applicant's agreement to arbitrate, employer agreed to consider application).

**Whether the Arbitration Agreement Lacks Mutuality**

Next, plaintiff contends that the arbitration agreement is unenforceable because it lacks mutuality.  In evaluating whether the parties have entered into an enforceable arbitration agreement under the FAA, the court must look to state law principles.  *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686–87 (1996); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts . . . should apply ordinary state-law principles that govern the formation of contracts."); *Perry v. Thomas*, 482 U.S. 483, 492–93 n.9 (1987) (state law governing the validity,

4

revocability, and enforceability of contracts generally applies under the FAA). State law applies, however, only to the extent that such law is not hostile to arbitration. *Doctor's Assocs.*, 517 U.S. at 686-87.

According to plaintiff, the arbitration provision requires employees to arbitrate their claims against defendant but does not require defendant to arbitrate its claims. Assuming without deciding that the arbitration agreement here does not require defendant to arbitrate its claims (defendant urges that the provision applies to both parties),[2] the agreement is nonetheless enforceable. Under Kansas law, if the requirement of consideration is otherwise met, there is no additional requirement of mutuality of obligation. *See Commercial Asphalt, Inc. v. Smith*, 196 Kan. 164, 167 (1966) (any reasonable consideration will be sufficient to protect a contract against an attack of lack of mutuality); *accord Restatement (Second) of Contracts* § 79(c) (1981) (lack of mutuality of obligation disfavored as a defense; lack of mutuality does not of itself render a contract invalid unless it amounts to a lack of consideration). This argument, then, is rejected. *See Singleton v. Goldman*, 2011 WL 3844180, at *2 (S.D. Miss. Aug. 30, 2011) (arbitration agreement would be valid in absence of mutuality of arbitration promises because it was otherwise supported by adequate consideration); *Gadberry .v Rental Servs. Corp.*, 2011 WL 766991, at *3 & n.5 (D.S.C. Feb. 24, 2011) (mutuality of arbitration is not a requirement of adequate consideration or a valid arbitration agreement); *Gilchrist v. Inpatient Med. Servs.,*

---

[2]For an argument that the language utilized here clearly implies that both parties would be bound by the arbitration process, see *O'Neil v. Hilton Head Hospital*, 115 F.3d 272, 274-75 (4th Cir. 1997) (arbitration agreement does not have to specifically provide that the defendant is bound to have the legal effect of binding the defendant).

5

*Inc*., 2010 WL 3326742, at *3 n.1 (N.D. Ohio Aug. 23, 2010) (arbitration provision in employment agreement need not require both parties to arbitrate their claims so long as contract as a whole imposes obligations on both parties).

The Tenth Circuit's opinion in *Dumais v. American Golf Corp*., 299 F.3d 1216 (10th Cir. 2002) is not inconsistent with the court's conclusion here. In *Dumais*, the Tenth Circuit affirmed under New Mexico law the district court's denial of an employer's motion to compel arbitration on the grounds that the employer's mutual promise to arbitrate was illusory (and the agreement was therefore unenforceable) where the employer retained the right to alter the agreement's existence or scope. *Id*. at 1219. The Circuit's opinion, however, cannot be read to imply that mutuality of obligation within an arbitration clause is required under New Mexico law, for such a requirement would be preempted by the FAA. *See Soto v. State Indus. Prods., Inc*., 642 F.3d 67m 76-77 (1st Cir. 2011) (to extent Puerto Rico imposed mutuality requirement for arbitration clauses, FAA would preempt that requirement); *Southeastern Stud & Components, Inc. v. American Eagle*, 588 F.3d 963, 966-67 (8th Cir. 2009) (Arkansas law requiring mutuality of obligation within arbitration agreement even if sufficient mutuality within the rest of the contract was preempted by FAA; proper conclusion was that mutuality of obligation not required for arbitration clauses so long as contract as a whole is supported by consideration). Rather, as is set forth more clearly in the underlying district court opinion, the lack of mutual arbitration obligations rendered the contract unenforceable because no other consideration supported the contract as a whole. *See Dumais v. American Golf Corp*., 150 F. Supp. 2d 1182, 1193 (D.N.M.

6

2001).[3]

**Whether the Arbitration Agreement is Illusory**

According to the plaintiff, the arbitration agreement is illusory because a separate provision in the employment application allows defendant to unilaterally modify the arbitration agreement's existence or scope at any time without notice to employees.   The provision relied upon by plaintiff is set forth by separate bullet point prior to the arbitration provision and states as follows:

> I agree to conform to the rules and regulations of the Company and acknowledge that these rules and regulations may be changed at the Company's option and without prior notice to me.

Defendant responds that the Company's rules and regulations are quite obviously distinct from the National Rules for the Resolution of Employment Disputes of the American Arbitration Association and that defendant has no authority to change those rules.

The court concludes that the provision permitting defendant to change its rules and

---

[3]In fact, the district court in *Dumais*, adopting the proposed findings and recommended disposition of a magistrate judge, found that the arbitration agreement was unenforceable for lack of mutuality within the arbitration agreement and, independently, for lack of consideration.  In support of the magistrate judge's conclusion that an arbitration agreement is invalid when it exempts the employer from coverage, the magistrate judge relied solely on a Seventh Circuit case, *Gibson v. Neighborhood Health Clinics, Inc*., 121 F.3d 1126 (7th Cir. 1997).  Contrary to the suggestion of the magistrate judge, *Gibson* did not hold that arbitration agreements that exempt an employer from coverage are invalid.  Rather, *Gibson* simply held that the arbitration agreement at issue was unenforceable because there was no mutual promise to arbitrate by the employer and the employee's promise to arbitrate was not supported by consideration in any respect.  *Id.* at 1131-32.

regulations does not render the arbitration agreement unenforceable.  To begin, the court agrees with defendant that the arbitration agreement is not a "rule or regulation" of the Company described in the entirely separate provision concerning Company rules and regulations.  Indeed, the provision setting forth the arbitration agreement does not reference defendant's right to modify the agreement in any way.  Similarly, the separate provision concerning defendant's right to modify its rules and regulations does not reference the arbitration agreement in any way.  In essence, these two provisions appear to address two different topics.  Under these facts, the agreement is not illusory.  *Compare Dumais v. American Golf Corp.*, 299 F.3d 1216, 1217 (10th Cir. 2002) (arbitration agreement illusory where employee handbook, which included arbitration provision, reserved employer's right to modify)  *with Clutts v. Dillard's, Inc*., 484 F. Supp. 2d 1222, 1226 (D. Kan. 2007) (arbitration agreement not illusory where modification language in employee handbook was separate from arbitration agreement and neither policy referenced the other).

In any event, in light of plaintiff's contention that no mutuality of obligation exists–that is, that only employees are required to arbitrate their claims and defendant is not required to do so–plaintiff's argument that defendant reserved the right to modify the arbitration agreement is unavailing.  For an arbitration agreement is illusory when the employer has retained the right to modify the arbitration agreement because the retention of that right permits an employer "free reign to renege" at any time while binding the employee to arbitration.  *See Dumais*, 299 F.3d at 1218 (quoting district court opinion).  Here, assuming defendant has not agreed to arbitrate its claims against employees, there is nothing for defendant to "renege."  Stated another way,

there is no way in which defendant could modify the arbitration agreement to the detriment of employees if defendant has no obligation to arbitration in the first instance.

### Whether the Arbitration Agreement is Unconscionable

Plaintiff contends that the arbitration agreement is unenforceable because the agreement was "hidden" in the employment application; he did not have the ability to "negotiate" with respect to the arbitration provision; he was not provided a copy of the arbitration provision; and defendant, once it secured plaintiff's signature, never mentioned the arbitration provision again. According to plaintiff, these circumstances render the arbitration agreement procedurally unconscionable. *See Adams v. John Deere Co.*, 13 Kan. App. 2d 489, 492 (1989) (doctrine of unconscionability is used to deny enforcement of unfair or oppressive contracts because of procedural abuses arising out of the contract formation or because of substantive abuses relating to terms of the contract).

Under Kansas law, "a party who freely enters a contract is bound by it even though it was unwise or disadvantageous to the party, so long as the contract is not unconscionable." *Moler v. Melzer*, 24 Kan. App.2d 76, 77 (1997). Mere inequality of bargaining power is insufficient to render a contract unconscionable. *Aves ex rel. Aves v. Shah*, 258 Kan. 506, 520 (1995); *Frets v. Capitol Fed. Sav. & Loan Ass'n*, 238 Kan. 614, 623 (1986); *Wille v. Southwestern Bell Tel. Co.*, 219 Kan. 755, 759 (1976). "[T]here must be additional factors such as deceptive bargaining conduct . . . to render the contract . . . unconscionable." *Wille*, 219 Kan. at 759. The burden of establishing unconscionability is on the party attacking the contract. *Adams*, 13 Kan. App.2d

at 492.

While defendant in this case may have had superior bargaining strength and presented its employment application, including the arbitration clause, to plaintiff on a take-it-or-leave-it basis, there was no element of deception here. The arbitration provision is written in relatively plain language, not confusing terms, and the agreement to arbitrate is reiterated immediately above the signature block in bold all-capital lettering. *See, e.g., Frets*, 238 Kan. at 622 (finding no unconscionability where, among other things, the relevant provision was "not buried in a mass of fine print"); *Wille*, 219 Kan. at 763-64 (same, where terms and conditions were set out in "clearly legible type" and were "not couched in confusing terms"). Plaintiff does not contend that he did not have the opportunity to review the provisions of the employment application and, of course, plaintiff was not required to submit an application with defendant if he did not wish to be bound by the arbitration provision. Moreover, there is no allegation that plaintiff ever requested a copy of the application, that plaintiff asked (or was somehow discouraged from asking) defendant to explain the arbitration provision in any way or that defendant's alleged failures in this regard prejudiced plaintiff in any way. *See Perry v. NorthCentral University, Inc.*, 2011 WL 4356499, at *5-6 (D. Ariz. September 19, 2011) (arbitration provision not unconscionable even though employer did not explain provision to plaintiff). In short, there is simply no allegation or evidence that defendant attempted to deceive plaintiff about the existence or substance of the arbitration provision. Accordingly, plaintiff has not persuaded the court that the arbitration provision contained in the employment application should not be enforced based

10

on principles of procedural unconscionability.[4]

Because defendant has shown the existence of an enforceable agreement to arbitrate and plaintiff has not persuaded the court that the agreement is unconscionable, the court will direct the parties to proceed to arbitration.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss or, in the alternative, to compel arbitration and stay proceedings (doc. #4) is granted and the parties are directed to proceed to arbitration on plaintiff's claims.  The court will stay the judicial proceedings in this case pending completion of the arbitration process.  Counsel for the parties are directed to report to the court in writing no later than April 6, 2012, concerning the status of that arbitration in the event that it has not been terminated earlier.  Failure to so report will lead to dismissal of this case for lack of prosecution.

**IT IS SO ORDERED.**

Dated this 5th day of October, 2011, at Kansas City, Kansas.

---

[4]Because the court determines that the arbitration agreement is not unconscionable under Kansas law, it need not determine whether the FAA would preempt Kansas law under *AT&T Mobility LLC v. Concepcion*, ___ U.S.___, 131 S. Ct. 1740, 1753 (2011) (where application of state law concerning unconscionable contracts "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," that law is preempted by teh Federal Arbitration Act).

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge